THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BONNIE LOU CONGER, individually and on behalf of the heirs of BRIAN CONGER, deceased, and as presumptive personal representative of the ESTATE OF BRIAN CONGER,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., and TARACA PACIFIC, INC.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING [30] HOME DEPOT'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 1:20-cv-43<br><br>District Judge David Barlow |

    This case is before the court on Defendant Home Depot U.S.A., Inc.'s (Home Depot) motion for summary judgment.[1] After reviewing Home Depot's motion, Plaintiffs filed a response stating that they do not oppose entry of summary judgment in favor of Home Depot.[2] Home Depot then filed a reply asking the court to enter summary judgment in its favor and to dismiss all of the Plaintiffs' claims against it.[3] Having reviewed Home Depot's motion for summary judgment, and in light of Plaintiffs' non-opposition, the court finds that Home Depot is entitled to summary judgment as a matter of law.

    A party is entitled to summary judgment only if it is able to show there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[4] Material

---

[1] ECF No. 30, filed May 16, 2022.

[2] ECF No. 37, filed July 8, 2022.

[3] ECF No. 38, filed July 19, 2022.

[4] Fed. R. Civ. P. 56(a).

facts are ones that "might affect the outcome of the suit under the governing law."[5] And a dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6]

Plaintiffs assert in their complaint that Home Depot is liable for negligence in relation to the tragic death of Brian Conger (Brian), who passed away due to injuries sustained from an accident that occurred while he was moving pallets of plywood at work.[7] Home Depot was the intended recipient of the pallet of plywood involved in the accident.[8] And Plaintiffs originally alleged that Home Depot was negligent in failing to ensure that the pallet was shipped safely.[9]

To prove negligence under Utah law, a plaintiff must establish four distinct elements: "(1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages."[10] In moving for summary judgment, Home Depot argues that Plaintiffs' negligence claim fails as a matter of law because, among other things, Home Depot did not owe Brian a duty of care.[11] "The issue of whether a duty exists is a question of law to be determined by the court."[12]

Home Depot argues that there is nothing it could have done to ensure Brian's safety while he moved the pallets of plywood because, as merely the end purchaser and destination of the pallet of plywood, it had no involvement in determining how the plywood would be packaged,

---

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[6] *Id.*
[7] *See* ECF Nos. 4-1 ¶¶ 9–10, 15; 30 at 2–3.
[8] ECF No. 30 at 3.
[9] ECF No. 4-1 ¶ 15.
[10] *Hunsaker v. State*, 870 P.2d 893, 897 (Utah 1993).
[11] ECF No. 30 at 7–8.
[12] *Hunsaker*, 870 P.2d at 897.

transported, or unloaded from its shipping container.[13] The plywood was wrapped and packaged by foreign mills, the plywood pallets were imported and shipped by Defendant Taraca Pacific, Inc., and Brian unloaded the pallets for, and on the premises of, his employer.[14] Therefore, the argument goes, there are no facts from which a reasonable trier of fact could find that Home Depot owed Brian a duty of care.[15] In response to Home Depot's arguments, Plaintiffs concede that Home Depot was not involved with the packaging or transportation of the pallets in any way and agree that, as a matter of law, Home Depot did not owe Brian a duty of care.[16]

Because it is undisputed that Home Depot had no involvement in the packaging, transporting, or unloading of the pallet that caused Brian's injuries—and in light of Plaintiffs' concessions of fact and law—the court agrees that, as a matter of law, Home Depot did not owe Brian a duty of care. Therefore, it is undisputed that Home Depot was not negligent with regard to the accident the caused Brian's lethal injuries, and Home Depot is entitled to summary judgment on Plaintiffs' negligence claim.

## ORDER

For the foregoing reasons, Home Depot's motion[17] for summary judgment is GRANTED.

Signed August 2, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[13] ECF No. 30 at 7–8.

[14] *Id.* at 3–5.

[15] *Id.*

[16] ECF No. 37. In their response, Plaintiffs agree that paragraphs 1 through 27 in the undisputed facts section of Home Depot's motion for summary are undisputed. *Id.* at 1. The only disputed facts are unrelated to the issue of whether Home Depot owed Brian a duty. *See id.*; *see also* ECF No. 30 at 6, ¶¶ 28–32.

[17] ECF No. 30.