THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BONNIE LOU CONGER, individually and on behalf of the heirs of BRIAN CONGER, deceased, and as presumptive personal representative of the ESTATE OF BRIAN CONGER,<br><br>Plaintiff,<br><br>v.<br><br>TARACA PACIFIC, INC.<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [24] TARACA PACIFIC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:20-cv-43<br><br>District Judge David Barlow |

This case is before the court on a motion for summary judgment filed by Defendant Taraca Pacific, Inc. (Taraca Pacific).[1] Plaintiff has filed a response opposing the motion,[2] and Taraca Pacific has replied.[3] Having reviewed the parties' briefs and relevant case law, the court concludes that the motion can be resolved without oral argument.[4] For the reasons that follow, Taraca Pacific's motion for summary judgment is GRANTED.

## BACKGROUND

This case arises out of the tragic death of Brian Conger (Brian), who passed away after sustaining serious injuries in an accident while working for Specialized Rail Service (SRS).[5] On December 20, 2017, one of Brian's coworkers, Hector Luna, was leaving work when he heard

---

[1] ECF No. 24, filed December 14, 2021.

[2] ECF No. 27, filed February 16, 2022.

[3] ECF No. 28, filed February 24, 2022.

[4] *See* DUCivR 7-1(g).

[5] ECF No. 27 at 4–5. The facts in this section are undisputed unless otherwise noted.

screams for help coming from inside one of SRS's warehouses.[6] Luna ran toward the screaming and found Brian lying on the ground, pinned beneath a bundle of plywood.[7] Brian had been using a forklift to tip and move plywood bundles from a vertical position to a horizontal position, but why he had exited the forklift, and stood near one of the vertical bundles, is unknown.[8] Luna used a forklift to lift the plywood bundle pinning Brian just enough to pull Brian out from under it.[9] Brian was then transported to a hospital, where he subsequently passed away from his injuries.[10]

Following this accident, the Utah Occupational Safety and Health Department (UOSH) conducted an investigation.[11] Based on this investigation, a UOSH inspector concluded that Brian had exited his forklift, cut the metal bands running vertically around the bundle, and tried to pull the bands away, causing the bundle to tip toward and fall on him.[12] However, whether this is how the accident occurred is disputed.[13] No one actually witnessed how Brian came to be pinned under the bundle of plywood.[14]

The plywood bundle that fell on Brian had been imported from foreign mills through Taraca Pacific, a lumber products importer and wholesaler based in San Francisco, California.[15] After Taraca Pacific orders plywood in bulk from foreign mills, the mills manufacture the

---

[6] *Id.* at 16.
[7] *Id.*
[8] *Id.* at 4–5.
[9] *Id.* at 16.
[10] *Id.* at 17.
[11] *Id.*
[12] *Id.* at 17–19.
[13] *Id.*
[14] *Id.* at 5; *see also* ECF No. 28 at 6–11.
[15] ECF No. 27 at 6.

plywood sheets, package the sheets into bundles, and load the bundles into shipping containers.[16] It has long been industry standard for the bundles to be stacked in the shipping containers in a vertical position.[17]

After the shipping containers are filled, they are delivered to a cargo ship and then transported to various ports in the United States.[18] Once the containers arrive in the United States, Taraca Pacific coordinates with Echo Global Logistics (EGL), a transportation management company, to deliver them to various storage warehouses throughout the country.[19] These warehouses are owned by other entities, and each handles the process of unloading the containers and storing the products transported therein until customers are ready for the products to be delivered.[20]

SRS is one of the warehouses that receives plywood imported through Taraca Pacific in this manner but has no relationship or contract with Taraca Pacific directly.[21] When SRS receives a container, it unloads the bundles into its warehouse, keeping them in the same vertical orientation in which they were loaded into the containers.[22] SRS then uses a procedure it developed to lower the bundles from a vertical to a horizontal position for storage.[23] The bundle that fell on Brian was from a container of bundles SRS unloaded into its warehouse on December 19, 2017, the day before the accident.[24]

---

[16] *Id.* at 6–7.

[17] *Id.* at 19.

[18] *Id.* at 8.

[19] *Id.*

[20] *Id.*

[21] *Id.* at 9, 19–20.

[22] *Id.* at 10.

[23] *Id.*

[24] *Id.* at 15.

On December 10, 2019, Brian's mother, Bonnie Lou Conger, filed a complaint in Utah's Second Judicial District Court against Taraca Pacific, Home Depot U.S.A., Inc. (Home Depot), and Linyi Heng Sheng Wood Industry Co., Ltd. (Linyi).[25] Conger's claim against Linyi was dismissed on October 9, 2020, based on her failure to effectuate service.[26] And Home Depot was granted summary judgment on Conger's claims against it on August 2, 2022, pursuant to a separate motion.[27] Taraca Pacific has also moved for summary judgment, and its motion is fully briefed and ready for decision.[28]

## STANDARD

A party is entitled to summary judgment only if it is able to show there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[29] Material facts are ones that "might affect the outcome of the suit under the governing law."[30] And a dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[31] At the summary judgment stage, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'"[32]

---

[25] *See* ECF No. 2 at 2.

[26] *See* ECF Nos. 11, 14.

[27] *See* ECF Nos. 30, 40.

[28] *See* ECF No. 24.

[29] Fed. R. Civ. P. 56(a).

[30] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[31] *Id.*

[32] *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration in original) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)).

## DISCUSSION

The sole claim Conger has asserted against Taraca Pacific is negligence.[33] To prove that Taraca Pacific was negligent under Utah law, Conger must show that (1) Taraca Pacific owed Brian a duty of care, (2) Taraca Pacific breached that duty, (3) Taraca Pacific's breach of that duty was the proximate cause of Brian's injuries, and (4) Brian in fact suffered injuries or damages.[34] According to Conger, Taraca Pacific acted negligently by failing to ensure that the plywood bundles it imported were transported in a safe manner.[35]

Taraca Pacific argues that it is entitled to summary judgment on Conger's negligence claim for two main reasons.[36] First, Taraca Pacific argues that the undisputed facts show that it did not owe or breach any duty of care to Brian.[37] Second, Taraca Pacific argues that nothing it did was the proximate cause of Brian's injuries and death.[38] Because the court ultimately agrees with Taraca Pacific that it owed no duty of care to Brian, the court's analysis begins and ends with that issue.[39]

Generally, an actor owes a duty of care to others when the actor's conduct creates a risk of physical harm to them.[40] Here, Conger has identified no conduct by Taraca Pacific that created a risk of physical harm to Brian. The undisputed facts show that the bundle that fell on

---

[33] *See generally* ECF No. 4-1.

[34] *See Hunsaker v. State*, 870 P.2d 893, 897 (Utah 1993).

[35] ECF No. 4-1 at

[36] ECF No. 24 at 12–21.

[37] *Id.* at 12–13.

[38] *Id.* at 13–21.

[39] *See Mower v. Baird*, 422 P.3d 837, 843 (Utah 2018), as corrected (July 11, 2018) ("The threshold question in a negligence claim is whether the defendant owed a duty to the plaintiff."); *Colosimo v. Gateway Cmty. Church*, 424 P.3d 866, 871 (Utah 2018) ("Absent a showing that the defendant owed any duty, the plaintiff's claim has no merit, and he or she may not recover." (quoting *Young v. Salt Lake City Sch. Dist.*, 52 P.3d 1230, 1233 (Utah 2002))).

[40] *See Ipsen v. Diamond Tree Experts, Inc.*, 466 P.3d 190, 191–92 (Utah 2020); Restatement (Third) of Torts: Liability for Physical & Emotional Harm § 7 (Am. Law Inst. 2010).

Brian was originally placed in a vertical position by a foreign mill when it was loaded into a shipping container and remained in that position at all times while being transported. Once the shipping container arrived at SRS's warehouse, SRS removed the bundle from the container and left it in a vertical position. Thus, even if the vertical orientation of the bundle created a risk of physical harm to Brian, as Conger claims,[41] the undisputed facts show that Taraca Pacific played no role in stacking, or deciding to stack, the plywood bundle that fell on Brian in that way.[42]

Further, the record shows that Taraca Pacific's involvement with the plywood bundles was limited to ordering them and coordinating the importation, transportation, and delivery of the shipping containers holding them. Conger has identified nothing in these actions that posed a risk of physical harm to Brian. And to the extent Conger claims that Taraca Pacific's role in the importation and delivery of those shipping containers created a duty of care as to how the plywood bundles were positioned in them or unloaded by third parties, Conger has not identified, nor has the court found, any basis in law to impose such a duty.[43] More specifically, Conger has identified no basis for imposing a duty of care on an importer with regard to how third parties with whom the importer has contracted to transport the goods being imported choose to transport those goods.[44]

---

[41] ECF No. 27 at 21.

[42] *See supra* notes 15–24 and accompanying text.

[43] *See Graves v. N. E. Servs., Inc.*, 345 P.3d 619, 624 (Utah 2015) (noting that "[a] person generally has 'no duty to control the conduct of third persons'" except when there is a "special relationship" between them as outlined in the Restatement (Second) of Torts (quoting *Higgins v. Salt Lake Cnty.*, 855 P.2d 231, 236 (Utah 1993))); Restatement (Second) of Torts § 315 (Am. Law Inst. 1965) ("There is no duty to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection."); *id.* §§ 314A, 316–20 (identifying the most common types of special relationships).

[44] *See Magana v. Dave Roth Const.*, 215 P.3d 143, 148 (Utah 2009) ("Utah adheres to the general common law rule that the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants. This general rule recognizes that one who hires an independent contractor and does not participate in or control the manner in which the contractors work is performed owes no duty of care

Instead of attempting to explain why Taraca Pacific owed Brian a duty or care, Conger turns to the doctrine of res ipsa loquitur.[45] Under that doctrine, the finder of fact may infer a defendant's negligence (i.e., that the defendant had a duty of care and breached it) if three elements are established:

> (1) the accident was of a kind which, in the ordinary course of events, would not have happened had the defendant used due care;
>
> (2) the agency or instrumentality causing the accident was at the time of the accident under the exclusive management or control of the defendant; and
>
> (3) the plaintiff's own use or operation of the agency or instrumentality was not primarily responsible for the accident.[46]

In arguing that res ipsa loquitur applies here, Conger asserts it was not any act of Brian that caused the plywood bundle to fall on him.[47] Instead, according to Conger, it was the unreasonably dangerous vertical positioning of the bundle, and the eventual failure of the wooden pallet on which it sat, that caused it to fall on Brian.[48] Conger asserts that Taraca Pacific controlled or managed these instrumentalities because (1) it "supplied the bundles that were to be shipped in a vertical position," and (2) the wooden pallet that failed was put under the bundle by Taraca Pacific's agents.[49] Conger further asserts that such an accident would not have occurred absent some failure by Taraca Pacific to exercise due care with regard to the bundle and pallet.[50]

---

concerning the safety of the manner or method of performance implemented." (internal quotation marks and citations omitted)).

[45] ECF No. 27 at 22–24.

[46] *King v. Searle Pharms., Inc.*, 832 P.2d 858, 861 (Utah 1992).

[47] ECF No. 27 at 23–24.

[48] *Id.*

[49] *Id.* at 23.

[50] *Id.* at 23–24.

However, even if a reasonable jury could find that the accident was caused by the vertical orientation of the bundle and the failure of the wooden pallet on which it sat, and not by any act of Brian,[51] Conger cannot succeed under the doctrine of res ipsa loquitur because she has failed to show that Taraca Pacific had *exclusive management or control* of the instrumentalities that are alleged to have caused the accident. As already discussed, the undisputed facts show that Taraca Pacific played no role in packaging the bundles, placing them on pallets, positioning them vertically during transport, or unloading them into SRS's warehouse.

Additionally, while Conger argues that it was Taraca Pacific's agents that performed these actions, she cites no evidence that this was the case. It is undisputed that those who performed these actions were independent contractors, not agents, and Conger has provided no evidence that Taraca Pacific participated in or controlled those actions.[52] What's more, it is clear from the record that it was Brian's employer, SRS, that was responsible for unloading and storing the plywood bundles as soon as the containers in which they were shipped arrived. Thus, at the time of the accident, it was SRS that controlled or managed the plywood bundle that fell on Brian. Therefore, based on the undisputed facts, no reasonable jury could find that Taraca Pacific had exclusive management or control of the instrumentalities that Conger alleges caused Brian's injuries and subsequent death.

In summary, because Conger has failed to identify any grounds from which a reasonable jury could find that Taraca Pacific owed Brian a duty of care, Conger's negligence claim fails as a matter of law. Therefore, Taraca Pacific is entitled to summary judgment.

---

[51] Both of these issues are heavily disputed.

[52] *See Magana*, 215 P.3d at 148.

## ORDER

For the foregoing reasons, Taraca Pacific's motion for summary judgment[53] is GRANTED.

Signed August 4, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[53] ECF No. 24.